1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAVIAD AKHTAR,

11              Plaintiff,                    No. CIV S-09-2733 GGH P

12        vs.

13   J. MESA, et al.,

14              Defendants.                   ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3           The court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8    U.S.C. § 1915A(b)(1),(2).

9           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint must contain more than a "formulaic recitation of the elements of a

17   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19   "The pleading must contain something more...than...a statement of facts that merely creates a

20   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

22   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23   v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

24   1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26   Id.

1    In reviewing a complaint under this standard, the court must accept as true the

2    allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3    738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4    and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct.

5    1843 (1969).

6    Plaintiff's putative Eighth Amendment allegations against defendant Mule Creek

7    State Prison must be dismissed.  The Eleventh Amendment serves as a jurisdictional bar to suits

8    brought by private parties against a state or state agency unless the state or the agency consents to

9    such suit.  <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)(

10   per curiam); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case,

11   the State of California has not consented to suit.  Accordingly, plaintiff's claims against Mule

12   Creek State Prison are frivolous and must be dismissed.

13   Plaintiff seeks to implicate various individual defendants, Correctional Officer

14   (C/O) J. Mesa, Correctional Sergeant S. Tumar, Lieutenant L. Ward, for his having been moved

15   from his cell to an emergency bunk/bed (E-bunk) despite medical problems, including needing a

16   walker, a double mattress, and medical shoes; having kidney disease; having suffered a stroke on

17   his left side; having brain damage; being subject to seizures; wearing a "hearing impaired" vest

18   and having a triple bunk exclusion.  Complaint, p. 2.  Plaintiff also contends that an inmate

19   serving a life term should not be placed in a dormitory setting until he is given a release date

20   which he has not.  Id.

21   Plaintiff asserts that defendant Mesa ordered him to move to an E-bunk, but

22   plaintiff refused stating that he would rather go to administrative segregation (Ad Seg) due to his

23   medical and safety concerns.  Complaint, p. 2. Defendant Mesa informed defendant Tumar of

24   the situation, after which plaintiff told her that he had a chrono showing that he was to be housed

25   in a "ground floor cell."  Id.  Thereafter, plaintiff was placed in restraints, moved to Ad Seg, and

26   issued a CDC-115 rules violation report (RVR) for refusing a direct order.  Id., at 2-3.  Defendant

1   Ward authorized plaintiff's move but failed to check his records to determine plaintiff's medical

2   restrictions; if Lt. Ward had done so, plaintiff would not have been told by defendant Mesa to

3   move to an E-bunk and would not have been placed in Ad Seg.  Id., at 3.

4          Plaintiff informed the Ad Seg sergeant and lieutenant, whom plaintiff does not

5   name as defendants, that he had a triple bunk exclusion, but they both said they "don't care."

6   Complaint, p. 3.  Plaintiff claims that he was deprived of his due process rights when he stated

7   that he needed an interpreter but he was not given one for the RVR hearing.  Id.  When "the

8   'committee'" informed plaintiff he would be placed on a triple bunk E-bed, he refused and was

9   given another CDC-115 for "obstructing a peace officer in the performance of his duty."  Id.

10  Plaintiff states that he was then moved to a triple bunk E-bed nevertheless where he broke his

11  wrist.  Id.  Plaintiff does not identify by name any of the defendants he seeks to implicate for this

12  move.  Id.

13         Plaintiff complains that he is now housed on a double bunk E-bed on B-facility,

14  where other inmates have hidden his walker and has had his shoes, typewriter and boombox

15  stolen from his bed area.  Complaint, p. 3.  Plaintiff claims that had he not been moved from his

16  cell and had his medical chronos been followed, he would not have received two CDC-115s,

17  would not have lost "good time" credits, and would not have had his new shoes, his typewriter

18  and his boombox stolen.  Id., at 3-4.  Plaintiff contends that a U.C. Davis doctor informed him

19  that he should be cell-housed because, due to his kidney disease, he needs a toilet to be readily

20  available.  Also, a counselor showed him an Mule Creek State Prison memorandum stating that

21  lifers should be housed in cells.  Id., at 4.

22         Plaintiff seeks money damages only for what he perceives to be deliberate

23  indifference to his serious medical needs in violation of the Eighth Amendment.  However,

24  plaintiff's complaint fails to frame such claims.  In the first place, to the extent that plaintiff may

25  be challenging any purported due process violation at his RVR hearing and seeking money

26  damages, his claims appear to be barred.  In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364

4

(1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.

Claiming that state and county officials violated his constitutional rights, he sought damages for

improprieties in the investigation leading to his arrest, for the destruction of evidence, and for

conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on

voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive

relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's

dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

conviction or sentence has been invalidated, expunged or reversed.  Id.

In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court

held that Heck applies to challenges to prison disciplinary hearings when the nature of the

challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.

1995) that a claim challenging only the procedures employed in a disciplinary hearing is not

barred by Heck.  Any due process claims must be dismissed but plaintiff will be granted leave to

amend to demonstrate that his disciplinary convictions have been reversed and his time credits

restored.

In the second place, prison officials' housing and classification decisions do not

give rise to federal constitutional claims encompassed by the protection of liberty and property

1   guaranteed by the Fifth and Fourteenth Amendments.  See Board of Regents v. Roth, 408 U.S.

2   564, 569, 92 S. Ct. 2701 (1972).   Plaintiff has not demonstrated how the failure of any defendant

3   to follow a prison policy with regard to where life term prisoners are to be housed implicates a

4   constitutional deprivation.

5           Finally, as to his claim that he has been subjected to deliberate indifference to his

6   serious medical conditions, plaintiff only identifies one injury, a broken wrist, that ensued

7   purportedly as a result of his having been moved from Ad Seg to a triple bunk and he does not

8   link any named defendant to that injury.   In order to state a § 1983 claim for violation of the

9   Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions

10  sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v.

11  Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that

12  his medical needs were objectively serious, and that defendants possessed a sufficiently culpable

13  state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v.

14  Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical

15  claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998

16  (1992).

17          A serious medical need exists if the failure to treat a prisoner's condition could

18  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

19  that a prisoner has a serious need for medical treatment are the following:  the existence of an

20  injury that a reasonable doctor or patient would find important and worthy of comment or

21  treatment; the presence of a medical condition that significantly affects an individual's daily

22  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

23  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

24  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

25  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

26  \\\\\

In <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. <u>Farmer</u>, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. <u>Id.</u> at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. <u>Id.</u> at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is <u>actually</u> aware. <u>Id.</u> at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id.</u> at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Id.</u> at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. <u>Id.</u> at 840-42, 114 S. Ct. at 1981. However, obviousness <u>per se</u> will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. <u>Jackson v. McIntosh</u>, 90 F.3d 330 (9th Cir. 1996); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

In this instance, although plaintiff claims he was put at risk for a number a medical conditions that he suffered by being moved from a cell to an E-bunk, he describes only essentially unrelated inconveniences such as having to look for his walker or having certain property stolen for him. Although he states that a physician at some point told him he needed a readily available toilet, he does not make clear that his current housing deprives him of one. The

1  only injury he describes appears to be unrelated to his medical conditions and he does not

2  sufficiently link it to the actions of any named defendant. Plaintiff does not implicate any

3  defendant to any actual deprivation of medical care for any of his claimed medical conditions.

4  The complaint will be dismissed but plaintiff will be granted leave to amend.

5        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

8  how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

9  there is some affirmative link or connection between a defendant's actions and the claimed

10  deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

11  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

12  vague and conclusory allegations of official participation in civil rights violations are not

13  sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

15  order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

16  amended complaint be complete in itself without reference to any prior pleading. This is

17  because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

18  Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

19  pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

20  original complaint, each claim and the involvement of each defendant must be sufficiently

21  alleged.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

24        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

25  The fee shall be collected and paid in accordance with this court's order to the Director of the

26  California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: February 22, 2010

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
akht2733.bnf