IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIAD AKHTAR,

        Plaintiff,                    No. CIV S-09-2733 GGH P

    vs.

J. MESA, et al.,

<u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. See Docket # 4. By order filed August 11, 2010 (Docket # 13), the court dismissed Mule Creek State Prison as a defendant but found that the amended complaint was appropriate for service upon the individual defendants. The Clerk was directed to provide plaintiff with three USM-285 forms, a summons, an instruction sheet and a copy of the May 12, 2010 amended complaint. See order at Docket # 13. Plaintiff was to return the completed forms and copies of the amended complaint to the court within twenty-eight days.

        Thereafter, although nothing in the docket indicates that plaintiff returned the documents to the court and no order directing the U.S. Marshal to serve the amended complaint issued, three unexecuted waivers have been filed in the docket. On October 20, 2010, an order

issued as to one of the unexecuted waivers, erroneously indicating that a service order had been filed, and that order is hereby vacated. Because the unexecuted waivers appear to have been filed by the U.S. Marshal's Office, the court is left to infer that plaintiff incorrectly mailed the service documents to the U.S. Marshal's Office rather than returning them to the court as he was directed to do. Thereafter, it appears that an effort was made to serve the summons and amended complaint without the benefit of the court's order directing that service. In any event, the court will now grant plaintiff one further opportunity to comply with the requirements for service of his amended complaint.

Plaintiff is cautioned that by whatever avenue service of the amended complaint was attempted, unexecuted waivers for each defendant have been returned indicating that plaintiff has not provided an accurate, current address for any of them. Plaintiff must provide additional information to serve defendants J. Mesa, S. Tumar, L. Ward. Plaintiff shall promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff. If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention. Because plaintiff must take additional steps in an effort to provide corrected address information for each of the defendants, the time will be extended for him to return the forms and copies **to the court.**

Although, by order filed on September 15, 2010 (Docket # 15), the court determined that this case might be appropriate for appointment of counsel and referred it to the Civil Rights Clinic for their review, plaintiff was cautioned that while it was under review, he retained the responsibility to prosecute his case. See order at Docket # 15. Plaintiff was informed that the litigation was not being stayed and that case processing would continue while the case was being reviewed by the clinic. That order remains in effect.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The order, filed on October 20, 2010 (docket # 19), is VACATED.

2. The Clerk of the Court is directed to send plaintiff three (3) USM-285 forms,

one summons, an instruction sheet and a copy of the amended complaint filed May 12, 2010 (docket # 12).

       3. Within sixty days from the date of this order, plaintiff shall complete and submit the attached Notice of Submission of Documents **to the court**, with the following documents:

         a. The completed Notice of Submission of Documents;

         b. Four copies of the endorsed amended complaint filed May 12, 2010 (docket # 12).

         c. One complete and correct USM-285 form for each of the following defendants: J. Mesa, S. Tumar, L. Ward; and

         d. One completed summons (or show good cause why he cannot provide such information);

       4. **Plaintiff is not to attempt service on defendants or to request waiver of service. Plaintiff is not to return the documents directly to the U.S. Marshal's Office or any other entity besides the court.** Upon receipt of the above-described documents, **the court** will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: October 21, 2010                   /s/ Gregory G. Hollows

                                                  UNITED STATES MAGISTRATE JUDGE

GGH:009
akht2733.1am(2)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIAD AKHTAR,

      Plaintiff,                       No. CIV S-09-2733 GGH P

    vs.

J. MESA, et al.,                     NOTICE OF SUBMISSION

      Defendants.               OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        1        completed summons form

        3        completed USM-285 forms

        4        copies of the May 12, 2010 (docket # 12) Amended Complaint

DATED:

                                                          Plaintiff