IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIAD AKHTAR,

       Plaintiff,                  No. CIV S-09-2733 GGH P

    vs.

J. MESA, et al.,                    ORDER AND

       Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        On January 11, 2011, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b). Plaintiff has not opposed the motion.

        Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On November 3, 2010, plaintiff was advised of the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

        Accordingly, plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion. In the alternative, the court has reviewed the motion and finds that it has merit.[1]

---

[1] On the face of it, ground 1 for the motion, that the action should be dismissed because plaintiff had failed to exhaust his administrative remedies at the time of filing his original

1

1    IT IS HEREBY ORDERED that the Clerk shall assign a district judge to this case.

2    IT IS HEREBY RECOMMENDED that defendants' January 11, 2011, motion to

3  dismiss be granted, and this action be dismissed.

4    These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

6  days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

---

complaint on October 1, 2009, does not appear to have merit, in light of Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010), wherein a Ninth Circuit panel found the PLRA exhaustion requirement satisfied with respect to new claims within an amended complaint so long as administrative remedies were exhausted prior to the filing of an amended complaint, and defendants note that the remedies were not exhausted until November 2, 2009; the undersigned observes that this date was well before the filing of the first amended complaint on May 12, 2010.  However, defendants note that the first amended complaint raises no new claims.  In this instance, this court agrees with the reasoning in Jones v. Felker, 2011 WL 53755 *5 (E.D. Cal. Feb. 11, 2011) and finds this action should be dismissed on ground 1 (as well as on ground 2 for failing to state a claim under the Eighth Amendment):

> "[T]his case presents a different scenario from that presented in *Rhodes*, where the claims not exhausted at the time of the first complaint were premised entirely on conduct occurring after that complaint's filing. Nevertheless, the Court of Appeals' first rationale-that an amended complaint supercedes the original, rendering its filing date irrelevant-suggests that the court should find all claims exhausted before the amended complaint's filing date properly exhausted.
>
> The court rejects such an interpretation of *Rhodes* for two reasons. First, allowing a prisoner to file unexhausted claims, then exhaust, then file an amended complaint regarding the same, old claims contained in the original complaint would create an end-run around the rule of *McKinney* and *Vaden* "that a prisoner must exhaust his administrative remedies for the claims contained within his complaint before the complaint is tendered to the district court." *Id*. at *5-6.  *Rhodes* itself repeated that rule and did not disapprove of it. *Id*.
>
> Second, unlike *Rhodes,* in which the amended complaint was actually a supplemental complaint under Federal Rule of Civil Procedure 15(d), the amended complaint in this case is not a supplemental complaint, because it raises only claims already raised in the initial complaint. Under Rule 15(c)(B), such an amended complaint relates back to date of the original complaint."

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within fourteen days after service of the objections.  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: March 8, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

7  GGH:009/035
akht2733.46