IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIAD AKHTAR,

        Plaintiff,                No. CIV S-09-2733 FCD GGH P

    vs.

J. MESA, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On March 8, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations to which defendants have filed a reply.

        Within his objections, plaintiff states explicitly that the objections are to serve as his opposition, but he offers no explanation whatever for having failed altogether to file his opposition to the defendants' motion to dismiss at the appropriate time, despite having been previously advised as to the requirements for filing a timely opposition to a motion to dismiss as

1

well as having also been cautioned that failure to file an opposition to a motion to dismiss may be deemed a waiver of opposition to the motion.[1]  See Order, filed on November 3, 2010.

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000).  Thus, while "the court 'must actually exercise its discretion' rather than simply ignore the evidence or reject it *sub silentio*," it is within this court's discretion "not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations...." Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004), citing Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002).  The Ninth Circuit has plainly stated that requiring the district judge to consider evidence not previously set before the magistrate judge "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000).

> Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to ... wait to see which way the wind was blowing, and - having received an unfavorable recommendation - shift gears before the district judge.

Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Elec. Co., et al., 840 F.2d 985, 991 (9th Cir. 1988).  This court elects to exercise its discretion not to consider an opposition to a motion to dismiss inappropriately presented by plaintiff for the first time in objections.

---

[1] The court notes this case, in response to plaintiff's request, was referred by the magistrate judge for review by the Civil Rights Clinic to determine if appointment of counsel would be appropriate; however, plaintiff was therein cautioned to continue to prosecute this action, that the litigation would not be stayed pending the review and that volunteer counsel might not be procurable.  See Order, filed on September 15, 2010.  In a subsequent order, plaintiff was again cautioned, inter alia, that he was responsible for continuing to prosecute his case pending the clinic's review and that the case would continue to process.  See Order, filed on October 21, 2010.  There is no evidence of a response by the clinic in the case docket; thus, it is apparent that volunteer counsel could not be procured in this case.

1   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule
2 304, this court has conducted a <u>de</u> <u>novo</u> review of this case.  Having carefully reviewed the
3 entire file, the court finds the findings and recommendations to be supported by the record and
4 by proper analysis.
5   Accordingly, IT IS HEREBY ORDERED that defendants' January 11, 2011,
6 motion to dismiss is granted and this action is dismissed.
7 DATED: April 7, 2011.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE