UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAVIAD AKHTAR,

        NO. CIV. S-09-2733 FCD/GGH

    Plaintiff,

 v.                 MEMORANDUM AND ORDER

J. MESA, et al.,

    Defendants.

_____/

----oo0oo----

This matter is before the court on plaintiff Javiad Akhtar's motion to alter or amend the judgment entered in this case on April 7, 2011.[1]  (Docket #32.)  Said judgment in defendants' favor was entered pursuant to the court's order of the same date adopting the magistrate judge's findings and recommendations. (Docket #31.)  On March 8, 2011, the magistrate judge issued findings and recommendations granting defendants' motion to dismiss (1) on the ground of plaintiff's failure to respond to

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

1  the motion and (2) alternatively on the merits, finding
2  plaintiff's complaint either barred for failure to exhaust
3  administrative remedies or not cognizable under the Eighth
4  Amendment.  (Docket #27.)  Plaintiff filed objections to the
5  findings and recommendations, asking that they serve as his
6  "opposition" to the motion.  Defendants replied to the
7  objections.  After conducting a *de novo* review of the case, this
8  court adopted the magistrate judge's decision and entered
9  judgment in favor of defendants.
10      Plaintiff, who is now represented by counsel from the UC
11 Davis Civil Rights Clinic, contends the court committed "clear
12 error" in disregarding material he submitted in support of his
13 objections; namely, the Director's Level Appeal Decisions dated
14 May 13 and 28, 2009, which he asserts establish exhaustion of his
15 administrative remedies.  Plaintiff also contends that the
16 dismissal of his case is "manifestly unjust" because he does not
17 understand English and was not aware of the significance of the
18 motion to dismiss.
19      Where the court's ruling has resulted in a final judgment or
20 order, a motion for reconsideration may be based either on Rule
21 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion
22 for relief from judgment) of the Federal Rules of Civil
23 Procedure.  See School Dist. No. 1J, Multnomah County v. ACandS,
24 Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Because plaintiff's
25 motion was filed more than ten days after entry of dismissal, the
26 court will consider the instant motion under Rule 60(b).  See
27 Fed. R. Civ. P. 59(e) (requiring that all motions submitted
28 pursuant to this rule be filed within ten days of entry of

2

judgment).

Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law. School Dist. No. 1J, Multnomah County, 5 F.3d at 1263.

Here, plaintiff provides no grounds to amend the judgment in this case. As set forth in the court's April 7, 2011 order, plaintiff offered "no explanation whatever for having failed altogether to file his opposition to the defendants' motion to dismiss at the appropriate time, despite having previously been advised as to the requirements for filing a timely opposition to a motion to dismiss as well as having been cautioned that failure to file an opposition . . . may be deemed a waiver of opposition to the motion." (Docket #31.) It was well within this court's discretion to not consider plaintiff's opposition, and the attachments thereto, inappropriately presented by plaintiff for the first time in objections. The Ninth Circuit has repeatedly emphasized that requiring a district judge to consider evidence not previously set before the magistrate judge "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000).

Moreover, the court notes that even if it were to now consider plaintiff's evidence of the Director's May 2009 Appeal Decisions, those decisions do not establish exhaustion of plaintiff's claims. In his first amended complaint, plaintiff

3

alleges Eighth Amendment claims of deliberate indifference to plaintiff's medical issues. The appeal decisions plaintiff cites concern alleged due process violations plaintiff sustained when he was charged with a prison rule violation. Furthermore, the Director's decisions do not establish the viability of plaintiff's Eighth Amendment claims in this case. Plaintiff ignores in the instant motion that the magistrate judge alternatively found that his FAC failed to state a cognizable claim under the Eighth Amendment. Thus, even if the court found that plaintiff had properly exhausted his administrative remedies, his complaint is nonetheless properly dismissed on Rule 12(b)(6) grounds.

Finally, plaintiff's claimed inability to understand English does not provide grounds for relief in this case. While plaintiff is now represented by counsel, who attempt to corroborate his claim (see Lakhani Decl. [Docket #33-1]), previously plaintiff represented himself. In that capacity, plaintiff filed a complaint and first amended complaint as well as lengthy objections to the magistrate judge's findings and recommendations. Clearly, plaintiff has a sufficient understanding of the English language to litigate this case according to the rules of the court and governing legal standards. His own actions in this case amply demonstrate this fact.

///
///
///
///

1  Accordingly, the court DENIES plaintiff's motion to alter or
2  amend the judgment in this case.
3  IT IS SO ORDERED.
4  DATED: June 7, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE