IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIAD AKHTAR,

     Plaintiff,                    No. 2:09-cv-2733 MCE AC P

     vs.

J. MESA, et al.,

     Defendants.             <u>ORDER</u>

/

       Plaintiff is a California state prisoner represented by counsel who seeks relief pursuant to 42 U.S.C. § 1983. Presently pending before the court are plaintiff's motions (1) to substitute a successor-in-interest for a deceased party and (2) to allow discovery of Doe defendants. ECF Nos. 61, 62. The matter came on for hearing on June 19, 2013. Supervising Attorney Carter White and Certified Law Student Joseph Lin appeared for the Plaintiff. Deputy Attorney General Diana Esquivel appeared for Defendants Mesa and Turner. On review of the motions, the documents filed in support and opposition, and good cause appearing therefore, THE COURT FINDS AS FOLLOWS:

////

////

1

RELEVANT BACKGROUND

Plaintiff, a disabled inmate, alleges that his constitutional rights were violated when defendants moved him to housing (an "emergency bunk" in an open dormitory) that was medically inappropriate and physically dangerous in light of his mobility impairments. He alleges further that he was improperly disciplined and held in administrative segregation for refusing to comply with the order to move.

The initial complaint was filed in pro per on October 1, 2009 and amended on May 12, 2010. ECF Nos. 1, 12. On November 3, 2010, the court ordered service on defendants Mesa, Turner and Ward. ECF No. 22. Defendants Mesa and Turner waived service and moved to dismiss. ECF Nos. 24, 25. On March 8, 2011, the magistrate judge recommended granting the motion to dismiss. ECF No. 27. The U.S. Marshal's effort to obtain a waiver of service from defendant Ward was unsuccessful, and on April 4, 2011, the summons for Ward was returned unexecuted. ECF No. 30. On April 7, 2011, the district court adopted the Findings and Recommendations and granted the motion to dismiss. ECF No. 31.

The Civil Rights Clinic at King Hall School of Law, U.C. Davis, entered the case on May 5, 2011, when Supervising Attorney Carter White filed a notice of appearance. ECF No. 34. Counsel then litigated an unsuccessful motion for reconsideration, and thereafter represented plaintiff on appeal. The Ninth Circuit reversed and remanded. See Akhtar v. Mesa, 698 F.3d 1202 (9th Cir. 2012). The mandate issued on November 28, 2012. ECF No. 46.

On remand, plaintiff filed a second amended complaint on January 23, 2013. ECF No. 53. On January 31, 2013, plaintiff filed a notice that defendant Ward had died on or about December 27, 2012.

////

////

////

////

1              MOTION TO SUBSTITUTE SUCCESSOR-IN-INTEREST

2        Fed. R. Civ. P. 25, governing the substitution of parties, provides in relevant part as follows:

        (a) Death

        (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

        Plaintiff's motion for substitution was filed within 90 days of the statement noting death, and is therefore timely.

        In general, the law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. See 42 U.S.C. § 1988(a); Robertson v. Wegmann, 436 U.S. 584, 592 (1978). In California, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20(a). Accordingly, the court may order substitution of a "proper party" to stand in the place of the deceased defendant. Rule 25(a)(1); Sinito v. U.S. Dep't of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999).

        Plaintiff seeks the substitution of a Doe defendant pending identification of defendant Ward's successor-in-interest. "Doe pleading" is disfavored in federal court. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, Doe pleading is not forbidden and may be appropriate in limited circumstances, for example where the plaintiff has stated a valid claim but requires discovery to identify the proper defendant. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). That is the case here. Accordingly, the motion to substitute will be granted.

        Defendants contend that the proposed substitution constitutes a time-barred amendment. See Opposition, ECF No. 65 at 3 (". . . Plaintiff's substitution is barred by the

applicable statute of limitations because Ward was never served before his death."). There are two problems with defendants' theory. First, it confuses operation of the statute of limitations with the service requirements of Fed. R. Civ. P. 4(m). Second, it confuses substitution under Rule 25 with amendment under Rule 15.

Failure to timely serve may result in the dismissal of a defendant, see Rule 14(m), but that is an issue entirely unrelated to the statute of limitations.[1] The filing of a complaint within the limitations period stops the running of the statute of limitations. Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). Failure to timely serve pursuant to Rule 4(m) does not cause the statute of limitations to run again. Id. Because the complaint containing petitioner's claims against defendant Ward was filed within the limitations period, those claims are timely and are not barred due to the expiration of the limitations period prior to service. See id.

Defendants rely on Rule 15(c)(1), which governs amendments to the pleadings and provides that

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's

---

[1] The undersigned addresses the service issue separately, below.

4

identity.

Defendants contend that Rule 15(c)(1)(C) bars amendment to substitute Ward's successor-in-interest because Ward was not served before his death. Rule 15, however, is inapplicable in the context of a party's death and consequent substitution of a successor-in-interest. Schwartzer, Tashima & Wagstaffe, Fed. Civ. Pro. Before Trial, 8:1385 (Rutter Group 2013) ("A change in the status of the parties to the lawsuit occasioned by death . . . is addressed by a motion to *substitute* parties under Rule 25 . . . rather than by Amendment under Rule 15.") (emphasis in original). Rule 15(c)(1)(C) applies where the wrong party was originally named due to a mistake in identity, see Louisiana-Pacific Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993), or where the incorrect entity was named, see Raynor Bros. v. American Cyanimid Co., 695 F.2d 382, 383 (9th Cir. 1982), or where a party is being named in a different legal capacity, see Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1995). Such changes to the naming of a party constitute substantive amendments subject to Rule 15, because in each example either a different individual or entity is alleged to have suffered or to be liable for an injury, or (in the context of amendment related to the personal or official capacity of a defendant in a § 1983 action, for example) a different theory of liability involving a different set of predicate facts and/or a different request for relief is being added to the lawsuit. Where a successor-in-interest is substituted for a deceased party, there is no such amendment.

A party substituted under Rule 25 "steps into the same position as the original party." Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996). That position is not changed in any way by the substitution. Ward's successor will stand in Ward's place to defend the claims against Ward and to satisfy any judgment against Ward, but it remains Ward's liability to plaintiff that is in issue. For all these reasons, neither the rules governing amendment nor the rules governing timeliness apply. Rule 25 alone governs this situation. Because the requirements of Rule 25 are satisfied, the motion will be granted. A Doe defendant specifically identified as Ward's successor-in-interest will be substituted pending identification of that

successor and further substitution to name the proper representative.

## SERVICE OF PROCESS

Rule 4(m) provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . .

The 120-day limit "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996). The court has broad discretion to extend time for service under Rule 4(m), even absent a showing of good cause for delay that would mandate an extension of time. Id. at 662; Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).

An extension of time for service is appropriate on the unusual facts of this case. Plaintiff was without counsel when originally directed to serve defendants in late 2010. Defendant Ward at that time no longer worked at Mule Creek State Prison (MCSP); plaintiff believed that he had retired. Plaintiff timely provided the (limited) contact information that he had, and the U.S. Marshal attempted service. The Marshal was unable to effect service through MCSP or by resort to "CDCR – San Quentin." The Process Receipt and Return notes, *inter alia*, "Per facility – no record found," and "per CDCL [sic] – several C/O w/ name." ECF No. 30. Three days after the summons was returned unexecuted (and likely before plaintiff had notice that service had been unsuccessful), the case was dismissed and judgment was entered against plaintiff. ECF Nos. 31, 32. Promptly upon remand from the Ninth Circuit in late 2012, plaintiff – now represented by counsel – began diligently attempting to locate defendant Ward. When plaintiff learned that Ward had died, he promptly notified the court and began attempting to identify a successor-in-interest. The need to substitute and serve a proper representative for Ward was discussed at hearing on defendants Turner's and Mesa's motion to dismiss on April

1  17, 2013. (That motion has since been denied. ECF Nos. 60, 67.) Informal means having
2  failed, plaintiff filed the instant motions.
3         At hearing on these motions, defendants argued that plaintiff was not diligent in
4  attempting service because Ward could have been served while the dismissal of the action as
5  against Mesa and Turner was on appeal. That is incorrect. Plaintiff could not have served Ward
6  or conducted discovery to identify Ward's address, because the *entire action* had been dismissed
7  and final judgment had been entered. See ECF No. 31 (ordering that defendants' motion to
8  dismiss is granted and "this action is dismissed."); ECF No. 32 (Judgment).
9         The undersigned finds that there is good cause for the delay, and an extension is
10 therefore mandatory under Rule 4(m). Plaintiff did everything required of him to effectuate
11 service on Ward prior to the 2011 dismissal, and has acted with reasonable diligence since
12 remand. The initial failure to effectuate service was due to Ward's departure from MCSP and
13 CDCR's failure to provide the Marshal with contact information or to otherwise forward
14 documents or facilitate service. The failure to complete service following remand is attributable
15 to Ward's death and plaintiff's inability thus far to identify a successor-in-interest. These are all
16 circumstances beyond plaintiff's control. Accordingly, the court must extend the time for
17 service for an appropriate time to permit the successor to be identified, named, and served.
18         In the alternative, even if an extension under Rule 4(m) were not mandatory for
19 good cause shown, the undersigned would grant a discretionary extension for the reasons stated.
20 Whether mandatory or discretionary, the time for service must be extended for the time
21 necessary to complete Doe discovery. The court now turns to that issue.

### MOTION FOR DISCOVERY OF DOE DEFENDANT

23         Plaintiff thus far has been unable to identify the legal representative of Ward's
24 estates through informal means such as public records searches. Counsel have documented their
25 efforts to obtain this information, ECF No. 61, Exs. A & B, No. 68-1, which the undersigned
26 finds reasonably diligent. Accordingly, the motion for leave to conduct pre-answer discovery is

7

granted.

If plaintiff is unable to identify the successor-in-interest by informal means and finds it necessary to compel the attendance at deposition of a member of Ward's family in order to discover the necessary information, such deposition (if limited to the discovery of Doe defendant) will not count for purposes of the "one deposition" rule, Fed. R. Civ. P. 30(a)(2).

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to substitute a successor-in-interest for a deceased party (ECF No. 61) is granted. "Doe One, Successor-in-Interest to L. Ward" is hereby substituted for defendant L. Ward;

2. Plaintiff's motion to allow discovery of Doe defendants (ECF No. 62) is granted. Discovery related to the identity of L. Ward's successor-in-interest shall be completed within 90 days;

3. Within 7 days of the close of Doe discovery, plaintiff shall file a further Notice of Substitution identifying the proper party to be substituted for Doe One, Successor-in-Interest to L. Ward. No further motion for substitution shall be necessary;

4. Within 14 days thereafter, plaintiff shall serve the summons and complaint, together with the Notice of Substitution, on the successor-in-interest substituted for the Doe defendant.

DATED: June 20, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC
akt2733.mts.wpd

8